THE STATE, JOHN McLORINAN, OVERSEER OF THE POOR OF NEWARK, PROSECUTOR, v. THE OVERSEERS OF THE POOR OF THE TOWNSHIP OF BRIDGEWATER.

By the act of April 6th, 1886 (*Rev. Sup.*, p. 800, ¿ 3), which provided "that any person or persons who shall have resided in any township of this state for the period of ten years shall be considered legally settled in said township," the legislature expressed the design to introduce a new condition upon which a legal settlement may be acquired; and when such condition is found to exist, an absolute settlement, and not one *prima facie*, is established.

---

On *certiorari* to the Essex Quarter Sessions.

Argued at February Term, 1887, before Justices KNAPP and DIXON.

For the prosecutor, *Frank C. Willcox.*

The opinion of the court was delivered by

KNAPP, J.    Upon the statement of facts agreed on, we are of opinion that the Court of Quarter Sessions rightly adjudged the legal settlement of Isaac A. Coalthar to be in the city of Newark, and the reversal of the order of the justices removing Coalthar to the township of Bridgewater was a correct judgment under the law as it now stands.  Save under the supplement of April 6th, 1886 (*Rev. Sup.*, *p.* 800, § 3), to the act for the settlement and relief of the poor, the determination of the two justices upon his last legal settlement would doubtless have been correct.   But that enactment introduced an important change in the law of settlement.   It enacted " that any person or persons who have or who shall have resided in any township of this state for the period of ten years shall be considered as legally settled in said township."

By the thirty-eighth section of the poor law (*Rev.*, *p.* 845) . the term " township " is made applicable to cities, boroughs and wards.   It cannot be doubted that in this act of legislation there is expressed the design to introduce a new condition upon which legal settlement may be acquired ; and when such condition is found to exist, an absolute settlement, and not one *prima facie* merely, is established, which must preclude any search for a prior one, either actual or derivative.

The doubts in the mind of the learned counsel for the city arose from the use of the word " considered " in the statute, that being deemed inappropriate to express the legislative fiat. The employment by the legislature of either of the words, " deemed," " esteemed " or " taken," it was conceded would have exhibited the requisite certainty of purpose to effect a change of the place where the public relief should be supplied. But it is thought that in the use of the words chosen in the enacting clause of the act no more was intended than a direction that the court should deliberate and ponder over all the proofs touching the charge of a pauper, and if none were found, derivative or acquired through other provisions of the poor

law, then and only then could the ten years' residence be regarded as a rule for application. If the legislature had designed to make the term of residence the basis of settlement of such persons only as had no other in the state, such purpose would have been expressed in different language. Such interpretation of the law would have rendered it a useless statute, for already persons having no legal settlement in the state are made chargeable where they last resided for the period of six months. Webster defines the verb "to consider," "to fix the mind on with a view to a careful examination," "to revolve," "to think over," "to ponder." But the legislature is not required to use words in a law in their stricter and more accurate sense. They are supposed to use words as they are commonly used and understood. But if they disregard the lexicographer, or use words inappropriately, still if they in their context convey a clear meaning to those charged with the duty of interpretation, that meaning is the expression of the law. It is, however, by no means to be conceded that the term subjected to consideration is ill-chosen. The act speaks to those whose duty it is to pass judgment upon the question of settlement, and in declaring what shall be the determination upon certain facts found, it cannot be amiss to do so in language such as courts of record uniformly adopt in recording their solemn judgments. *"Ita consideratum est per curiam"* serves to conclusively determine issues of law and fact.

The judgment of the Court of Sessions was required by the provisions of the act of 1886, and should be affirmed, with costs.